# ARKANSAS COURT OF APPEALS

DIVISION III
No. CV-17-40

| | |
|---|---|
| NATASHA MICHELLE FURNISH<br>APPELLANT<br><br>V.<br><br>ARKANSAS DEPARTMENT OF<br>HUMAN SERVICES and MINOR<br>CHILDREN<br>APPELLEES | **Opinion Delivered** May 3, 2017<br><br>APPEAL FROM THE CRAIGHEAD<br>COUNTY CIRCUIT COURT,<br>WESTERN DISTRICT<br>[NO. 16JV-15-410]<br><br>HONORABLE CINDY THYER,<br>JUDGE<br><br>AFFIRMED |

**PHILLIP T. WHITEAKER, Judge**

Appellant Natasha Furnish appeals a Craighead County Circuit Court order terminating her parental rights to three of her children, B.M., A.M., and C.M.[1] More specifically, she challenges both the sufficiency of the evidence to support the trial court's findings of statutory grounds and its best-interest determination. We affirm.

The Department of Human Services (DHS) exercised a seventy-two-hour hold on R.M., B.M., A.M., and C.M. on November 10, 2015, at the direction of the Cleburne County Circuit Court. The court directed the hold by DHS at a Family in Need of Services (FINS) hearing when Furnish tested positive for amphetamines, methamphetamine, and

---

[1] One of her children, R.M., was initially part of the dependency-neglect proceedings, but that child turned eighteen prior to termination; therefore, Furnish's rights were not terminated as to that child.

benzodiazepine. Max McKinney,[2] who was caring for A.M. and C.M. at the time, was contacted at home, and he also tested positive for illegal substances.

Although the hold was taken in Cleburne County, DHS filed its dependency-neglect petition in Craighead County where Furnish was a resident. The Craighead County Circuit Court adjudicated the children dependent-neglected on December 11, 2015, stemming from parental unfitness due to Furnish's drug usage.[3] Subsequent to adjudication, the court conducted two review hearings. At both review hearings, the court found that Furnish had only partially complied with the case plan.

On September 9, 2016, less than one year from the date of removal, DHS filed a petition to terminate Furnish's parental rights to B.M., A.M., and C.M., alleging the subsequent-other-factors ground for termination. *See* Ark. Code Ann. §9-27-341(b)(3)(B)(vii)(*a*) (Repl. 2015). On October 11, 2016, the court held a termination hearing. After the hearing, the trial court entered an order terminating Furnish's parental rights to the three children. The court found that DHS had proved by clear and convincing evidence the subsequent-other-factors ground for termination. The court also held that termination was in the best interest of the children, finding that the children are adoptable and that there was potential harm to the children if returned to Furnish's custody.

---

[2] Max McKinney is the biological father of R.M., B.M., and A.M. He is not the biological father of C.M., although the court ultimately found him to be in loco parentis to C.M. at the adjudication hearing on December 11, 2015. His rights were not terminated by the order on appeal; thus, he is not a party to this appeal.

[3] The court also found that Max McKinney, the noncustodial parent, had contributed to the dependency-neglect of the children as a result of his drug usage.

SLIP OPINION

Furnish appeals the trial court's order terminating her parental rights, challenging the sufficiency of the evidence supporting the court's findings on statutory grounds as well as both adoptability and potential-harm prongs of the best-interest requirement.

We review findings in dependency-neglect proceedings de novo, but the trial court's findings will not be reversed unless the findings are clearly erroneous. *Ellis v. Ark. Dep't of Human Servs.*, 2016 Ark. 441, 505 S.W.3d 678. A finding is clearly erroneous when, although there is evidence to support it, the reviewing court based on the entire evidence, is left with a definite and firm conviction that a mistake has been committed. *Id*. While we give due deference to the trial court's determination of the credibility of the witnesses and the weight to be given their testimony, the trial court's conclusions of law are given no deference. *Id*.

We have conducted our de novo review of all the evidence submitted in this case. Because we are satisfied with the decision of the circuit court and the accompanying quantum of evidence and findings supporting its order, we affirm by memorandum opinion. *In re Memorandum Opinions*, 16 Ark. App. 301, 700 S.W.2d 63 (1985). The circuit court's decision to terminate Furnish's parental rights to B.M., A.M., and C.M. is not clearly erroneous and is affirmed in all respects.

Affirmed.

KLAPPENBACH and BROWN, JJ., agree.

*Tina Bowers Lee*, Arkansas Public Defender Commission, for appellant.

*Andrew Firth*, Office of Chief Counsel, for appellee.

*Chrestman Group, PLLC*, by: *Keith L. Chrestman*, attorney ad litem for minor children.